### 2438. . DANIEL *v.* CITY OF ATLANTA.

The finding of the recorder that the defendant had the intoxicating liquor in his possession for the purpose of illegal sale is without any evidence to support it, and rests only on bare suspicion.

Certiorari; from Fulton superior court—Judge Ellis.  January 11, 1910.

Argued March 9,—Decided April 6, 1910.

*John W. Cox,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

HILL, C. J.  Andrew Daniel was convicted by the recorder of the City of Atlanta of a violation of section 1537 of the city code, for having in his possession intoxicating liquors for the purpose of illegal sale.  He excepts to the judgment of the superior court, overruling his petition for certiorari.  One exception contained in

the petition was that the finding of the recorder was without any evidence to support it; and the view we take of this exception will dispose of the case.

The entire evidence against the defendant is contained in the testimony of the officers who made the arrest, and is as follows: "We were out looking for some parties we wanted, and we went into an alley off of Warren Place and found this man in a house, and he claimed his name was Andrew Daniel, and that the woman was his wife, and later he said it was his woman, and we found 13 half-pints of corn whisky in this basket, and he told us he lived at 295 Spring street, and we brought him down here. We have found no sale. He said he and another party had ordered it from Chattanooga—had bought a case, and he got 18 half-pints and the other party got the other part, and this was his whisky. The alley is just off of Warren Place, near Courtland street in this city of Atlanta, Fulton county, Georgia. He did not give us the name of the other party he sent off with. We found him and the whisky this morning, October 7." One officer testified that the negro, when arrested, could not give any explanation of how he made his living. Another officer testified that the negro told him, when arrested, that he had been working for a brick-mason. This is all the evidence, and we do not think that it is sufficient to show guilt. The having in his possession half-pints of whisky may be, in the language of the learned counsel for the city, "an earmark of a blind tiger," but we think the law of this State demands that there should be more than earmarks of crime to authorize a conviction. We do not think the fact that the whisky was in half-pint bottles is convincing evidence as to his guilt. It doubtless was a suspicious circumstance, and it may be, as stated by the learned attorney for the city, that this was the "standard size for illegal sale." There was no evidence, however, of this fact, and it was not sufficiently established to become the subject-matter of judicial cognizance, even by the city recorder. Bare suspicion of guilt is not enough, under the laws of this State, to deprive any one of his liberty or his property.        *Judgment reversed.*